# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEBRA RABOLD,

    Plaintiff,

    v.

"THE SYNDICATE"-MONROE COUNTY,
PENNSYLVANIA CHARTER, et al.,

    Defendants.

NO. 3:06-CV-2474

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Plaintiff seeks to bring a claim under 42 U.S.C. § 1983 against the named Defendants for a violation of her adult son's constitutional rights.[1] Plaintiff claims that her son, Aaron D. Rabold, is autistic and should have been hospitalized and treated rather than incarcerated for his actions.[2] Plaintiff is proceeding *pro se* and seeks *in forma pauperis* status.

A *pro se* claim filed *in forma pauperis* shall be dismissed where "the court determines that . . . the action or appeal is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim is considered frivolous where "the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief." *Neitzke v. Williams*, 490 U.S. 319, 322-23 (1989). A district court may dismiss a claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) on the ground that the plaintiff lacks standing to bring a suit on behalf of

---

[1] Section 1983 provides a civil remedy against "any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000).

[2] Aaron Rabold was convicted of attempted murder for a March 13, 2003 attack on Ms. Donna J. Middaugh, who at that time was the girlfriend of Aaron's brother, David Rabold.

her family member.  *See, e.g., Taha v. United States*, 1991 WL 91710, *1 (E.D. Pa. May 24, 1991).  Because the Court finds that the Plaintiff does not have legal standing to bring the present action, her Complaint (Doc. 1) will be dismissed as frivolous pursuant to § 1915(e)(2)(b)(i).

It is quite clear in this Circuit that third parties generally lack standing to bring claims under § 1983 for violation of the constitutional rights of another.  *Pahle v. Colebrookdale Twp.*, 227 F.Supp.2d 361 (E.D. Pa. 2002).  *See Norcross v. Town of Hammonton*, 2006 WL 1995021, *1 (D.N.J. July 13, 2006) ("Nothing in the language of § 1983 contemplates recovery by anyone other than the individual who actually suffered the privation of rights.")  *See also Pagan v. Twp. of Raritan*, 2006 WL 2466862, *9 (D.N.J. August 23, 2006) ("To be sure, a third party lacks standing to bring claims under § 1983 for violation of the constitutional rights of another" (citing *Norcross*, 2006 WL 1995021 at *1)).  In addition, the Third Circuit Court of Appeals has held that parents have no constitutional interest in the lives or society of their adult children.  *McCurdy v. Todd*, 352 F.3d 820 (2003).

Plaintiff seems to be seeking "next friend" status in order to bring the present Complaint before this Court on behalf of her son.  A "next friend" has standing to file a claim on behalf of someone who is unable to do so.  *Whitmore v. Ark.*, 495 U.S. 149, 154-55 (1990).  Those seeking "next friend" standing must: (1) "be truly dedicated to the best interest of the person on whose behalf [she] seeks to litigate . . . and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest"; and (2) "provide an adequate explanation–such as inaccessibility,

2

mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163-64.  Plaintiff's Complaint states that "due to his intrinsic physical and mental disabilities," her son cannot "cope with such unfavorable [prison] surroundings."  Though more than likely satisfying the 'significant relationship' requirement, Plaintiff provides no explanation why Aaron Rabold cannot appear before this Court on his own behalf to prosecute the present action under 42 U.S.C. § 1983, if he so desires.  Any information Plaintiff has received concerning the prison conditions faced by her son was likely received through direct discussion with him, which evinces on Aaron's behalf not only an understanding of his environment but also an ability to communicate this understanding to others.  Moreover, simply alleging that Aaron is autistic cannot satisfy the adequate explanation requirement.  Accordingly, "next friend" standing will be denied to Plaintiff because she has failed to show that her son is unable to file a similar claim on his own behalf.

For the above-stated reasons, the Court finds that Plaintiff lacks the requisite standing in order to bring her Complaint (Doc. 1) before the Court.  Accordingly, this action will be dismissed and the case will be closed.

**NOW,** this   4th   day of January, 2007, **IT IS HEREBY ORDERED THAT**:

(1) Plaintiff's Complaint (Doc. 1) is **DISMISSED** because Plaintiff lacks standing to bring the action before this Court.

(2) The Clerk of the Court shall mark this case **CLOSED**.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge