IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEBRA RABOLD,

    Plaintiff,

    v.

"THE SYNDICATE"-MONROE COUNTY,
PENNSYLVANIA CHARTER, et al.,

    Defendants.

NO. 3:06-CV-2474

(JUDGE CAPUTO)

FILED
SCRANTON

FEB 0 8 2007

MARY E. D'ANDREA, CLERK

DEPUTY CLERK

## MEMORANDUM ORDER

Presently before the Court are Plaintiff's motion for reconsideration (Doc. 5) and second motion for reconsideration (Doc. 8). For the reasons stated below, these motions will be denied.

In the motion for reconsideration (entitled "Refiled Action" by Plaintiff) (Doc. 5), Plaintiff analyzes paragraph by paragraph the Court's memorandum order of January 4, 2007 (Doc. 4). In this motion, Plaintiff reiterates that she is attempting to bring a lawsuit on her own behalf, and is not attempting to assert the constitutional rights of her adult son, Aaron Rabold. (Doc. 5 p. 4.) In the January 4 opinion, the Court discussed the possibility that Plaintiff may have been attempting in her original filing to bring a cause of action via invocation of the "next friend" doctrine. Although considerate of this approach, Plaintiff states that she is not attempting to invoke this doctrine in this filing, and will do so in a further filing. (*Id.*) Having already determined that Plaintiff has no standing to bring suit in her individual capacity for alleged violations of her adult son's constitutional rights, this motion for consideration will therefore be denied.

On January 22, 2007, Plaintiff filed a second motion for reconsideration (entitled "Motion - For Consideration" by Plaintiff) (Doc. 8). In this filing, Plaintiff "reaffirms and re-attests that everything contained within her two previous[]" filings are applicable to the present motion. (*Id.* p. 2.) Plaintiff then "seriously question[s]" if next-friend status "is actually applicable in this instance[,] given that [Plaintiff] maintains her position as an aggrieved party in this action-at-hand - rather than simply acting in her son's stead." Effectively, Plaintiff denies the applicability of next-friend status to her case, while "formally accept[ing]" it "if it will expeditiously achieve a just resolve to this cause-at-hand". The remainder of this filing contains several exhibits which compare Plaintiff's situation to that facing the parents of the young men accused of sexual assault in the Duke Lacrosse case. The Court does not find any relevance in the attachment of these exhibits to the present filing.

Even accepting that this filing suffices as an application for next friend status, the Court will deny such status to Plaintiff. There is insufficient evidence to suggest that Aaron Rabold was incompetent to stand trial or is presently unable to appear on his own behalf to assert his constitutional rights. Furthermore, and as stated above, Plaintiff lacks standing to bring this cause of action before the Court in her own capacity. Accordingly, Plaintiff's second motion for reconsideration (Doc. 8) will be denied.

NOW, this 6th day of February, 2007, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff's motion for reconsideration (Doc. 5) and second motion for reconsideration (Doc. 8) are **DENIED** because Plaintiff lacks standing to bring the underlying action before this Court. The Court will not entertain any further motions for reconsideration in this action.

(2)  The Clerk of the Court shall mark this case **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge